26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles L. LINDNER; Michael Dooner, Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES, Defendant-Appellee.
 No. 92-56554.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1994.*
Decided May 27, 1994.
 
 Before: BROWNING, and FLETCHER, Circuit Judges, and FITZGERALD, District Judge**.
 MEMORANDUM***
 I. Mootness
 The district court erred in concluding this action was moot. Enactment of legislation during the course of litigation will moot the controversy only if it provides the plaintiff with all relief he could obtain from a favorable court ruling. DeFunis v. Odegaard, 416 U.S. 312, 319-20 (1974); Sannon v. U.S., 631 F.2d 1247, 1250 (5th Cir.1980); Valdez v. Applegate, 616 F.2d 570, 571-72 (10th Cir.1980). The requirement of the 1990 implementing regulations that public entities make any necessary non-structural changes in facilities immediately and complete any necessary structural changes "as expeditiously as possible," but in any event no later than January 26, 1995, 28 C.F.R. Sec. 35.150(c) (1993), and the steps already taken by the County toward compliance with that requirement do not give Plaintiffs as much relief as they could have obtained through an injunction ordering compliance with the 1973 Act. If the County was in violation of the 1973 Act's requirements at the time the action was filed, the district court was empowered to issue an injunction that 1) ordered compliance with the 1973 Act within an appropriate period--either shorter or longer than the three years prescribed in the 1990 Act and 2) subjected the County to contempt of court for noncompliance. In contrast, the 1990 Act simply sets a three-year ceiling for compliance with its provisions and does not, without more, subject the County to contempt of court.
 Sannon and Valdez are consistent with this analysis. In Sannon, a challenge to an Immigration and Naturalization Service order denying plaintiffs entry into the United States on the ground that the immigration judge improperly limited the scope of the exclusion hearing was found moot because a regulation adopted after the action was filed entitled plaintiffs to exactly the type of hearing they sought, thus settling the controversy that gave rise to the action. 631 F.2d at 1250. In Valdez, the statute passed during the litigation did not moot the action because it did not address questions raised in the complaint. 616 F.2d at 572. The district court's observation that an injunction requiring compliance in less than three years would be "impractical and unenforceable" indicates that it might find a shorter timetable inappropriate under the circumstances of this case, but a shorter timetable would not be precluded as a matter of law if the court, after consideration of all the evidence, did find it to be appropriate. We therefore reverse the dismissal of the action and remand for further proceedings.
 II. Attorney's Fees
 Plaintiffs should direct their request for fees to the district court if they prevail on the merits of their claims. Sosa v. Hiraoka, 920 F.2d 1451, 1461 (9th Cir.1990) (award of attorney's fees premature where plaintiff prevails on appeal from district court's dismissal of civil rights claim but has not yet prevailed on merits of any claims).
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3